## ADVANCE AUTOMOBILE ACCESSORIES CORPORATION et al. v. REFLEX AUTO ACCESSORY CO. et al.

(Circuit Court of Appeals, Seventh Circuit. April 11, 1922. Rehearing Denied May 20, 1922.)

No. 3029.

1. **Patents ⬅328—841,294, for frictional strips, not void for lack of invention.**
   The Whitcomb patent, No. 841,294, for a flexible composite sheet or strip with openings therein for cork inserts for use in making machine belts or other frictional bearings, *held* not to disclose invention in view of the prior art.

2. **Patents ⬅45—Commercial success as evidence of novelty.**
   While commercial success may be helpful in resolving doubt as to novelty, its persuasiveness may be more or less diluted when causes other than that of the novelty of the article apparently and materially contribute to the success.

Appeal from the District Court of the United States for the District of Indiana.

Suit in equity by the Advance Automobile Accessories Corporation and others against the Reflex Auto Accessory Company and another. Decree for defendants, and complainants appeal. Affirmed.

The suit was for infringement of United States letters patent No. 841,294, January 15, 1907 (application October 10, 1906), to Whitcomb, for an improved article of manufacture, "a flexible composite sheet layer or strip designed and adapted for a large majority of uses in which friction is required—such, for instance, as belts, coverings, or facings of pulleys, clutches." Claims 1, 3, and 4, which alone are sued on, are as follows:

"1. As an improved article of manufacture, a flexible composite sheet or strip composed of a flexible fibrous body portion in whole or in part provided with sockets or openings, and a plurality of inserts of nonmetallic material extended into said sockets or openings, substantially as described."

"3. As an improved article of manufacture, a flexible composite sheet or strip composed of a body portion of fibrous material in whole or in part and having openings extended through it, inserts of nonmetallic material extended into said openings, and a backing of flexible material secured to said body portion and covering said inserts, substantially as described."

"4. As an improved article of manufacture, a flexible composite sheet or strip composed of a flexible body portion consisting of a plurality of fibrous layers connected together and having holes or openings, and inserts of cork extended into said openings, substantially as described."

In 1917, appellant corporation, licensed under this and other patents, began to market strips for use in Ford automobiles; such strips being employed as frictional brake and transmission linings, between the drum and the compressible metal bands surrounding it. These strips were of heavy woven material, indurated with a pitchy compound, which, on drying and pressure, became set and quite hard, though retaining flexibility. In much of such strip was cut a series of round tapering holes, and into these holes were placed cork inserts of the diameter of the holes, but somewhat thicker than the strip. The strip was then affixed to the inner surface of the band, with the larger face of the cork inserts against the metal band. The contracting of the band would bring the corks primarily in contact with the drum, effecting a frictional action at first between corks and drum, and upon further compression the fabric itself would contact with the drum, thus completing the braking action, the claimed effect being a more gradual application of the brake or transmission, a more firm and effective braking or transmission, and a reduced tendency to slipping or "chattering," which

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

it is claimed is otherwise manifest, besides causing the lining strip to last much longer than without the cork inserts. The alleged infringing article is to all intents and purposes like that described.

Samuel W. Banning and David Levinson, both of Chicago, Ill., for appellants.

George L. Wilkinson, of Chicago, Ill., for appellees.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). [1] The use of cork in mechanics as a superior and practical frictional agent was long well known in the patent art, as is shown by a number of patents which the record discloses, beginning with No. 20,881, to Hunt, 1858, "for the construction and use of machine pulleys with the bearing or band surface made of cork."

In 1883, patent No. 28,128 was granted to Boysen for cork sheets or strips to be cemented on the face of the pulley. Patent No. 573,-252, 1896, to Whitcomb and Coggin, shows a brake shoe with inserts of cork set into the face of the metal brake shoe. It was also there pointed out that the cork sections may be set into the face of a metal clutch as illustrated in one of the patent figures. Patent to Dissosway in 1899, No. 635,128, shows a series of cork inserts in the rim or face of a pulley wheel. In 1901 Whitcomb was granted patent No. 684,021 for a friction clutch with cork friction inserts extending through a backing of wood into the face of the clutch wheel or cone. The specification points out that other material may be used for the backing, and that clutch or brake may be applied to automobiles, and that in practice a band or strap is adapted to be applied to the rim. Plain indurated woven fabric strips, of the dimensions and general characteristics as those employed by appellants and appellees, were long in quite general use for Ford cars; such strips being part of their regular equipment. Great quantities of them are sold.

Appellants' witnesses, in pointing out the virtue of the cork inserts, indicate as a prime factor of their superiority their protrusion, so that on contraction of the metal band the cork will first contact with the drum, giving primarily the advantage of the superior frictional qualities of cork alone. Strangely the specification of the patent points out no such virtue or action, and indeed the claims do not specify such protruding inserts. Figure 3, which indicates a slight elevation in the center of the inserts, is referred to as pointing out such protrusion. But on examination it would appear that in that relation it is incidental only to a compression of a cylindrical cork into a hole of the fabric, causing the cork to protrude slightly in the middle. The figure shows it likewise somewhat higher in the center of its opposite end, notwithstanding that in that exemplification there is a backing shown, indicating that the illustration is that of material for a driving belt. The specification mentions inserts with diameter somewhat larger at the end towards the band, inserted into a corresponding excision from the fabric. In such there is no material compression of the inserts, and there would be no protrusion. All the exemplifications shown in evidence indicate the inserts to be the frustrum of a cone, with the

smaller surface protruding beyond the face of the fabric. We quite agree with the District Court that in the state of the art invention was not involved in the mere insertion of cork in these strips; and even if a special function and virtue reside in the protrusion of the corks beyond the face of the strip, that feature is not covered by the patent.

Another advantage upon which some of the witnesses dilate is that in use the fabric is not so likely to shear off the cork as would be the case if it were inserted in a hard and perhaps unyielding substance. No mention of this quality or advantage is found in the specification, where, apart from the superior gripping effect afforded by the cork, the only advance over the prior art, which is pointed out, is the adaptability of the flexible body portion to any desired shape, so that it may be kept as a stock article, and, as wanted, cut in desired dimensions for any particular use. A patentee is entitled to the benefit of whatever merit his invention possesses, regardless of whether, at the time of the grant, it was pointed out or he comprehended it. But this alleged advantage, if real, is bound up with the element of protrusion of the corks; for it is their protrusion from a hard, sharp, unyielding edge which might cause them to shear off. Where the inserts normally fill the excisions, and are therefore flush with the surrounding surface, no showing would be likely.

It was testified that with the corks the linings last much longer than without them. So far as attributable to the well-known qualities of cork, its influence in that respect would be obvious. But the protrusion of the inserts is influential also in their relation. While the corks alone are contacting with the drum, there is no wear on the fabric, and this would protect it from wear so long as the corks do not wear down even with the fabric. Besides, it was testified that appellants' strip was woven to their order—heavier and better than any other such strip on the market—and was treated by a secret and superior process, all of which may be the main factor in its longevity.

[2] Appellants urge their very considerable commercial success in the marketing of their cork insert strips as indicating its patentable novelty. While commercial success may be helpful in resolving doubt as to novelty and invention, its persuasiveness may be more or less diluted, when causes other than that of novelty of the article apparently and materially contribute to the success. Here there appears, not only the claimed better quality, but the evidence shows also a campaign of extensive and apparently judicious advertising, which, coupled with, doubtless, good business and merchandising methods, has unquestionably been very influential in making a market for this product, beginning when appellant became interested in it, 10 years after the patent grant. It is significant that considerable success has attended, also, its marketing of its plain strip without inserts, at prices very much higher than for other strips in the market.

We are of opinion that the District Court reached the proper conclusion in the case, and its decree is affirmed.