## SKOOKUM PACKERS' ASS'N v. PACIFIC NORTHWEST CANNING CO.
### Patent Appeal No. 2522.

Court of Customs and Patent Appeals.
Dec. 19, 1930.

Eugene E. Stevens, of Washington, D. C. (Edward D. Jones, of Chicago, Ill., and Albert L. Jacobs, of Washington, D. C., of counsel), for appellant.

George C. Shoemaker and Harry F. Riley, both of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an opposition proceeding filed by appellant against an application of appellee, filed December 8, 1926, for registration of a trade-mark. The opposition is predicated upon the confusion in trade clause of section 5 of the Trade-Mark Act of 1905 (15 USCA § 85).

The mark sought to be registered comprises a grotesque representation of the head of an Indian, with a rather peculiar headdress. The goods for which the registration is sought consists of canned fruits and vegetables.

The opposition is based upon the prior use by appellant and its predecessor in business, applied to fresh fruits and particularly apples, of substantially the same mark sought to be registered by appellee. The examiner of interferences in his decision states that appellant registered in the Patent Office substantially the same mark as that applied for by appellee, that said registration was issued March 18, 1919, No. 124866, and that said mark was registered for fresh fruits. There is no evidence rebutting this finding of registration, and we must accept it as a fact.

It is admitted by appellee, and the testimony shows, that the appellant and its predecessor have continuously used a mark, substantially the same as that shown in appellee's application, for fresh fruits prior to use of the mark by appellee for canned fruits, preserves and canned vegetables.

Both parties took testimony.

Appellee relies principally upon evidence introduced in support of the fifth paragraph of its answer to the notice of opposition, which reads as follows:

"Applicant avers that on or about the 17th day of September, 1918, by an instrument in writing duly made and executed, the opposer duly assigned, sold and transferred to Puyallup & Sumner Fruit Growers' Canning Company a corporation of the State of Washington, all its right, title, and interest in and to the use of the trade mark now sought to be registered, upon jams, jellies, preserves, juices, evaporated products, canned products, and all other forms of manufactured or processed fruits and vegetables, including any and all of the by-products thereof, and the good will of the business relating thereto."

It was contended before the Patent Office, and is contended here, that by virtue of certain assignments introduced in evidence appellant is estopped to oppose the registration here in question. The assignment executed by appellant purports to grant to appellee's predecessor any rights it may have to use the trade-mark "Skookum" upon jams, jellies, preserves, juices, evaporated products, canned products, etc., reserving and retaining all rights for the use of the trade-mark in connection with apples, pears, and other fresh fruits. Attached to the assignment is a copy of the trade-mark, which includes the Indian head here sought to be registered.

The Examiner of Interferences found that appellant was the prior user of the mark here in question; that the marks are substantially the same; that they are used upon goods of the same descriptive properties; that said assignments could not be considered in determining the right of registration of appellee's mark; and that its registration would be likely to cause confusion in trade or to deceive purchasers. He therefore sustained the notice of opposition and denied appellee's application for registration.

Upon appeal from this decision, the Commissioner of Patents did not expressly pass upon the question of whether the goods to which the marks were applied by the respective parties were of the same descriptive properties, but held that, whether the assignments in question had any validity as a transfer of any legal rights from appellant to appellee, they at least constituted an abandonment of the trade-mark in so far as it applied to the goods to which appellee applied the mark, and evidenced acquiescence by appellant in the use of this mark, to the extent indicated, by appellee's predecessor. Upon this theory, the Commissioner held that ap-

pellant was estopped to object to the use of the mark by appellee upon canned fruits and vegetables, and, being so estopped, that it was also estopped to object to the registration applied for. The Commissioner, in his decision, states:

"In the present case, as above noted, the opposer is estopped to object to the use of a mark by applicant. Being so estopped, it is deemed that it is also estopped to object to the registration. There being no evidence of any confusion between the goods of the respective parties, notwithstanding applicant has used the mark on its goods for several years, it is not deemed this office should now refuse registration on the ground that confusion would be likely."

The Commissioner, for the reasons stated, reversed the Examiner of Interferences, and from such decision appellant takes this appeal.

That fresh fruits and canned fruits and vegetables are goods of the same descriptive properties is well established. California Packing Corporation v. Tillman & Bendel, Inc. (Patents) 40 F.(2d) 108, 113 (Cust. & Pat. App.); Cheek-Neal Coffee Co. v. Hal Dick Mfg. Co. (Patents) 40 F.(2d) 106 (Cust. & Pat. App.); Reid Murdoch & Company v. Fillmore Citrus Fruit Association, 151 Ms. D. 452, 17 T. M. Rep. 250.

Appellee, however, relies chiefly upon its contention that, as was held by the Commissioner of Patents, appellant, because of the purported assignments above referred to, is estopped to object to the registration applied for.

Much of the argument of counsel for the respective parties was directed to the question of whether the alleged assignments included the use of the representation of the Indian head here in question, or only the use of the name "Skookum."

In view of the conclusion which we have reached, it is unnecessary for us to consider the validity of said assignments or their effect, if valid, either as a transfer of part of the trade-mark rights of appellant or as an abandonment of a part of such rights.

It may well be that, in a suit in equity between the parties, appellee may successfully invoke the doctrine of estoppel against appellant, but the registration of a trademark is a statutory proceeding, and the statute governs the rights of the parties so far as registration is concerned.

Section 7 of the Trade-Mark Act of 1905 (15 USCA § 87) reads, in part, as follows:

"Whenever application is made for the registration of a trade-mark which is substantially identical with a trade-mark appropriated to goods of the same descriptive properties, for which a certificate of registration has been previously issued to another, or for registration of which another has previously made application, or which so nearly resembles such trade-mark, or a known trade mark owned and used by another, as, in the opinion of the commissioner, to be likely to be mistaken therefor by the public, he may declare that an interference exists as to such trade-mark, and *in every case of interference or opposition to registration he shall direct the examiner in charge of interferences to determine the question of the right of registration to such trade-mark, and of the sufficiency of objections to registration, in such manner and upon such notice to those interested as the commissioner may by rules prescribe.* [Italics ours.]

"The commissioner may refuse to register the mark against the registration of which objection is filed, or may refuse to register both of two interfering marks, or may register the mark, as a trade-mark, for the person first to adopt and use the mark, if otherwise entitled to register the same, unless an appeal is taken, as hereinafter provided for, from his decision, by a party interested in the proceeding, within such time (not less than twenty days) as the commissioner may prescribe."

We call attention to two mandatory provisions of this section. The Commissioner shall direct the Examiner in charge of interferences to determine the question of (1) the right of registration to such trade-mark, and (2) the sufficiency of objections to registration. Under this language it is the duty of the officials of the Patent Office to determine, not only whether an opposer has made valid objections to an application for registration, as to which it may be that estoppel can be invoked, but the duty is also imposed of determining the right of registration of the trademark against which the objection is filed.

In the case of California Cyanide Co. v. American Cyanamid Co. (Patents) 40 F.(2d) 1003, 1005, this court, speaking through Judge Hatfield, said:

"Section 7 of the Trade-Mark Act of February, 1905 (15 USCA § 87), provides that ' * * * in every case of interference or

opposition to registration he (the Commissioner of Patents) shall direct the examiner in charge of interferences to determine the *question of the right of registration to such trade-mark*, and of the sufficiency of objections to registration. * * *' (Italics ours.) Accordingly, the Patent Office tribunals may, in an opposition proceeding, dispose of any question relating to the proposed registration that might properly arise in an ex parte case. In re Herbst, 32 App. D. C. 565."

The case of Bookman v. Oakland Chemical Co. (Patents) 40 F.(2d) 1006, 1008 (Cust. & Pat. App.), is to the same effect.

Therefore, granting that the defense of estoppel would lie against objections raised by appellant opposer, nevertheless it was the duty of the Patent Office to determine the right of registration, as in an ex parte case, upon the facts before the Patent Office. There was before that office, irrespective of any evidence introduced by opposer, appellee's application describing its mark and specifying the goods to which it is applied, appellant's prior registration of its mark, and a description of the goods to which it was applied. If it is found that the goods to which the respective marks were applied are of the same descriptive properties, and that appellee's mark so nearly resembles that of appellant as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers, there can be no right of registration of appellee's mark as applied for so long as appellant's registration of its mark stands.

In the case of Bookman v. Oakland Chemical Co., supra, this court said:

"* * * Nor are the Patent Office tribunals limited, in an opposition proceeding, to a consideration of the precise questions presented in a notice of opposition. On the contrary, in such a proceeding, they may dispose of any question relating to the proposed registration that might properly be considered in an ex parte case."

In the case of California Packing Corporation v. Tillman & Bendel, supra, this court held that:

"* * * The goods being of the same descriptive properties, so that the registration of the proposed trade-mark will lead to confusion, the statute requires that registration be denied, *irrespective of other legal rights between the parties*." (Italics not quoted.)

We are clear that the goods to which the marks of appellant and appellee are applied have the same descriptive properties, that appellee's mark so nearly resembles that of appellant as to be likely to cause confusion or mistake in the mind of the public, and therefore appellee has no right to have registered the mark applied for, and its application must be denied.

Nothing in this opinion should be construed as implying that appellee has not the right to use its mark; our decision is based wholly upon the question of the right to register, and not the right of appellee to use its mark. The mandate of the statute is plain, and parties cannot, by their conduct or by any agreement, confer upon the Commissioner of Patents the power to do that which the law forbids.

The decision of the Commissioner of Patents is reversed.

Reversed.