**FEDERAL MILL & ELEVATOR CO., Inc., v. PILLSBURY FLOUR MILLS CO.**

Patent Appeal No. 2714.

Court of Customs and Patent Appeals.
May 25, 1931.

Edward S. Rogers, Allen M. Reed, and William T. Woodson, all of Chicago, Ill. (Browne & Phelps and Thos. L. Mead, Jr., all of Washington, D. C., and Chas. C. Reif, of Minneapolis, Minn., of counsel), for appellant.

Williamson & Williamson, of Minneapolis, Minn. (James F. Williamson, of Minneapolis, Minn., and James A. Hoffman, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellee, Pillsbury Flour Mills Company, filed its application in the United States Patent Office on March 4, 1927, for the registration of the trade-mark "Lucky Strike," to be used on wheat flour, alleging in its application that it had continuously used and applied the same to its said goods since February 9, 1911.

The appellant, Federal Mill & Elevator Company, Inc., duly filed notice of opposition thereto, basing its opposition upon its ownership and use of its trade-mark "Lucky," which said trade-mark was registered in the United States Patent Office on September 22, 1914, as serial No. 99,864, and which said trade-mark, it alleged, was still in use and the property of the opposer.

Both parties took testimony. The appellee introduced evidence to the effect that on November 1, 1910, a certificate of registration, No. 80,091, was issued to the Geo. Tileston Milling Company for the trade-mark "Lucky Hit," to be used in connection with the sale of wheat flour. This testimony also shows that the said trade-mark is now owned by the Great Northern Flour Mills Company, a corporation doing business under the laws of the state of Minnesota, and that the Great Northern Flour Mills Company used this mark continuously up until the year 1927, and still owns the same.

The Examiner of Interferences dismissed the opposition, and this decision was affirmed on appeal to the Commissioner of Patents. Both tribunals in the Patent Office based their decisions upon the ground, in principal part, that the use of the appellant's mark "Lucky" was concurrent with the use of the mark "Lucky Hit" by the Great Northern Flour Mills Company and its predecessor, for a considerable period; that no confusion resulted from the use of the said two trade-marks; that no actual confusion between the trade-marks "Lucky Hit" and "Lucky" is shown by the record; that therefore there is no more likelihood of confusion between the use of the trade-marks "Lucky Strike" and "Lucky" than there would have been between the trade-marks "Lucky" and "Lucky Hit"; that, because of these facts, the appellant cannot claim the exclusive right to the field which might be covered by the use of the word "Lucky" in connection with other words as applied to wheat flour, but must be willing to have his trade-mark "Lucky" restricted to its narrow scope.

In this connection the First Assistant Commissioner, in his written decision, makes the following statement:

" * * * Under these conditions it is thought proper to hold that the status of the parties should not be disturbed. If the opposer company were now given the exclusive right to use the word "Lucky," to the extent of preventing its use in combination with the word "Strike," it would in a large measure obtain the benefit of the good will, which, without its objection, the applicant company has built up during all these years for its product. As was said in connection with the Victor Stove Company v. Hall-Neal Furnace Co., 58 App. D. C. 65, 24 F.(2d) 893, 374 O. G. 252.

"Such a result would be plainly inequitable." See, also, France Milling Co., Inc., v. Washburn-Crosby Co., Inc. (C. C. A. 2d Cir.) 7 F.(2d) 304, 348 O. G. 269.

The conclusion reached by the Patent Office tribunals is not in harmony with our recent decisions in similar cases. The opposer's goods and the goods of the applicant are, admittedly, of the same descriptive properties. There can be no doubt that confusion might result in the minds of purchasers from the use of the trade-marks "Lucky" and "Lucky Strike" concurrently. If this be true, then the words "Lucky Strike" cannot be registered, under the express language of the statute. In such case, the question whether the trade-mark "Lucky Hit" was registered before the registration of the trade-mark "Lucky," and whether such marks have been used concurrently, is immaterial to this issue.

We discussed similar issues in the following cases: Sharp & Dohme v. Parke, Davis & Co., 37 F.(2d) 960, 17 C. C. P. A. 842; California Packing Corp. v. Tillman & Bendel, 40 F.(2d) 108, 17 C. C. P. A. 1048; American Fruit Growers, Inc., v. Michigan Fruit Growers, Inc., 38 F.(2d) 696, 699, 17 C. C. P. A. 906; Standard Oil Co. v. Epley, 40 F.(2d) 997, 17 C. C. P. A. 1224; MacEachen v. Tar Products Corp., 41 F. (2d) 295, 297, 17 C. C. P. A. 1264.

In the American Fruit Growers' Case cited we said:

" * * * Appellee, however, is not injured by the registration of appellant's mark, and, while it may be that appellant is not the originator of a representation of a goose for use in a trade-mark, neither is appellee. Can it be said then that appellant is so narrowly restricted in the use of its mark that it is not entitled to the protection afforded by the statute? We think not. Accordingly, the goods of the parties possessing the same descriptive properties, the sole question for determination is whether the mark of appellee is confusingly similar to that of appellant. If it is, registration ought to be denied. If it is not, registration ought to be granted."

Further applying the general rules involved in such cases, we said in the MacEachen Case, supra:

"While it is the rule that prior registrations may be looked to in considering whether the trade-mark use of a word has become so common or general as to affect the question of probability of confusion by an additional registration of a somewhat similar mark, nevertheless, in the effort to preserve what we conceive to be the real purpose of the trademark registration law, we think it should be held that an applicant for an opposed registration generally may not rely upon prior registrations of marks resembling his and opposer's as a complete defense to the opposition. The public has an interest which must be preserved, and it is not safe to dismiss an opposition proceeding wholly upon prior registrations, if it appear that the marks are in fact of close resemblance. It may be true that in some cases the use and registration of some words have become so common and general as that an additional registration might be thought to do no more at most than create a situation of 'confusion worse confounded,' but, upon the whole, the safer rule, and the one which appears to us to be truly interpretive of the law, is to reject registration when there is confusable conflict between the words at issue themselves."

Appellee contends that appellant's mark was not alone the word "Lucky," but was a design, the principal part of which was the Swastika emblem, in connection with the word "Lucky." He argues from this that no one would confuse the two marks, on account of their dissimilarity of appearance. The appearance of the mark is but one factor which may cause confusion. This court has uniformly held that the test of sound, as well, should be applied. Celanese Corp. v. Vanity Fair Silk Mills, 47 F.(2d) 373, 18 C. C. P. A. ——; Cluett, Peabody & Co. v. Wright, 46 F.(2d) 711, 18 C. C. P. A. ——; Postum Cereal Co. v. Enzo Jel Co., 41 F. (2d) 101, 17 C. C. P. A. 1258; Malone v. Horowitz, 41 F.(2d) 414, 17 C. C. P. A. 1252; Apex Elec. Mfg. Co. v. Landers et al., 41 F.(2d) 99, 17 C. C. P. A. 1184; Califor-

nia Cyanide Co. v. American Cyanamid Co., 40 F.(2d) 1013, 17 C. C. P. A. 1146.

It seems to us that the introduction of the proof as to the prior registration of the trade-mark "Lucky Hit," instead of being an aid to appellee's cause, is in itself an unfavorable answer to his contention that he is entitled to registration. In these opposition proceedings, we have held we may investigate, not only the issues made by the parties, but the registrability of the mark involved. California Cyanide Co. v. American Cyanamid Co., supra; Etablissements Rene Beziers v. Reid, Murdoch & Co., 48 F.(2d) 946, 18 C. C. P. A. ——. Irrespective of the appellant's trade-mark "Lucky," it will be conceded, we believe, that appellee's trade-mark "Lucky Strike" invades the field occupied by the trade-mark "Lucky Hit."

The decision of the Commissioner of Patents is reversed, and an order will be entered sustaining the opposition.

Reversed.