RICHARD HELLMANN, Inc., v. OAKFORD & FAHNESTOCK.

Patent Appeal No. 2805.

Court of Customs and Patent Appeals.

Jan. 4, 1932.

Rehearing Denied Feb. 1, 1932.

Edward S. Rogers and Allen M. Reed, both of Chicago, Ill. (John S. Prescott, of New York City, and Browne & Phelps, of Washington, D. C., of counsel), for appellant.

Wm. J. Peck, of Peoria, Ill., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents, affirming the decision of the examiner of interferences in sustaining the opposition of appellee, which opposed the registration by appellant of its trade-mark which comprises the notation "Richard Hellmann's Blue Ribbon" placed under the representation of a blue ribbon bow

424

and used for olive relish, tartar sauce, Thousand Island dressing, Russian dressing, and Southern relish or sandwich spread, consisting of mayonnaise with the addition of vegetables, herbs, and condiments.

The opposition is based on the prior use of the words "Blue Ribbon" and a representation of a blue ribbon and a blue ribbon bow used upon several of the items set forth in the application. The proof shows that appellee has used its trade-mark on a large number of food products, including canned fruits and vegetables, and a large list of food articles sold in grocery stores since as far back as 1891; that on several occasions it has caused its "Blue Ribbon" trade-mark to be registered, the last of which registrations was filed in 1913, under which it has sold such products as salad dressing, olive oil, pickles, chow-chow, olives, prepared mustard, sandwich filler, French dressing, Worchestershire sauce, and Thousand Island dressing. It appears from the record that the particular kind of salad dressing known as Thousand Island dressing was not sold by appellee prior to the date of adoption and use of the trade-mark by appellant on Thousand Island dressing.

The substance of appellant's contentions here is that the words "Blue Ribbon" and the picture of a blue ribbon are descriptive and incapable of an exclusive appropriation, and that unless used as a composite mark are common property in the trade [citing Pabst Brewing Co. v. Decatur Brewing Co. (C. C. A.) 284 F. 110, and France Milling Co. v. Washburn-Crosby Co., Inc. (C. C. A.) 7 F. (2d) 304]; that the numerous registrations in the Patent Office of the words "Blue Ribbon" and the representation of a blue ribbon for food products show that such words and representations are common property; that the term "Blue Ribbon" is publici juris; and that under certain decisions of the courts, appellee is only entitled to the exclusive use of its "Blue Ribbon" trade-mark upon the exact articles upon which it had used such mark prior to appellant's adoption and use of its marks on its goods. Appellant contends also that, upon this record, it is shown that appellant's use of its "Blue Ribbon" mark was to indicate quality and not origin, and that because of such fact confusion of origin was unlikely.

The examiner of interferences, referring to the commonplace character of the "Blue Ribbon" mark, said: "While it is true, that the mark Blue Ribbon has long been used by many traders for various kinds of food products and may not, therefore, be recog-

nized as possessing a large measure of inclusiveness, it can not however be regarded as so lacking in distinctiveness as to be wholly incapable of indicating origin. Otherwise, registration to the applicant would have to be refused on that ground."

The Commissioner of Patents, in affirming the decision of the examiner of interferences, said: "There is some contention on behalf of the applicant that the words 'Blue Ribbon' are descriptive of the goods and not registrable to anyone. It may be noted, however, that neither party is seeking registration of just these words but each has the pictorial representation of a blue ribbon and also a blue ribbon tied in a bow and there is no basis for holding that such a trade mark is descriptive of the goods upon which it is used. While the applicant has noted the wide use of the words 'Blue Ribbon' and the representations of such a ribbon by others prior to the opposer's adoption of its mark yet the decision in American Fruit Growers, Inc. v. Michigan Fruit Growers, Inc., 393 O. G. 789 [38 F.(2d) 696, 17 C. C. P. A. 906], is to the effect that the question here is solely as to confusion in trade when the marks are used upon the respective items or goods. It is thought since both parties use not only the words 'Blue Ribbon' and the representations of such a ribbon but also a blue ribbon bow, there would be confusion if these marks appeared upon the goods of the respective parties in the same market."

In National Biscuit Co. v. Joseph W. Sheridan, 44 F.(2d) 987, 989, 18 C. C. P. A. 720, 724, this court said:

"Without questioning in the least the correctness of the doctrine laid down in the two cases last cited [Pabst Brewing Co. v. Decatur Brewing Co. (C. C. A.) 284 F. 110, and France Milling Co. v. Washburn-Crosby Co., Inc. (C. C. A.) 7 F.(2d) 304], when applied in cases like those before the Circuit Courts of Appeals in the trial of the so-called Blue Ribbon and Gold Medal Cases, we regard ourselves as confronted with an entirely different problem. In the equity cases cited the question of use was involved. In this court the right to register is the issue at bar. True enough, we have said, in substance, that a trade-mark which cannot be defended in the common law is not entitled to registration, but this is not saying that all trade-marks which can be defended in the common law, in view of the wording of the statute, are entitled to registration. In Sharp & Dohme v. Parke, Davis & Co., 17 C. C. P. A. 842, 37 F. (2d) 960, 962, this court said:

" 'This statute is plain and definite. If the mark which applicant seeks to register upon goods of the same descriptive properties is the same as an opposer's registered mark, then the applicant's mark cannot be registered. It is unimportant what rights others, may have as against the opposer's mark—the applicant has no right to assert them in such proceeding. The same principle would be applicable to known owned unregistered trade-marks.' "

Some of the goods of both parties are identical; both parties sell salad dressings under the "Blue Ribbon" trade-mark. Appellant may name its goods Thousand Island dressing, Russian dressing, or mayonnaise, but nevertheless they are salad dressings. Other goods sold by both parties differ only in the addition or omission of one or more of the ingredients of the mixture or compound. Where they are not identical, many, if not all, of them are in the same class and are goods of the same descriptive properties. I. E. Palmer Co. v. Nashua Mfg. Co., 34 F. (2d) 1002, 17 C. C. P. A. 583; California Packing Corp. v. Tillman & Bendel, Inc., 40 F.(2d) 108, 17 C. C. P. A. 1048. The marks are so similar that, if applied to identical goods or goods of the same descriptive properties, confusion would be likely. Under such circumstances it was the duty of the commissioner to refuse registration of the appellant's mark.

We do not believe that the record in this case shows that the appellant's use of its trade-mark is intended to or does denote quality only. Appellant may use its "Blue Ribbon" trade-mark on its highest grade goods, nevertheless its use by it on such goods, we think, is a trade-mark use and denotes origin. On account of the general use of the words "Blue Ribbon," they may not denote origin with such certainty as would a mark like "Kodak," but they certainly do denote origin to some extent.

Since the marks of both parties do not consist of the words "Blue Ribbon" alone, it is not necessary for us to determine whether or not the term "Blue Ribbon" has become publici juris under the test applied by Mellish, L. J., in Ford v. Foster, L. R. 7 Ch. App. 611–628, and in Star Brewery Company v. Val Blatz Brewing Company, 36 App. D. C. 534.

The validity of the opposer's mark or the limits within which its use should be confined, or the right of applicant to use its mark, are matters with which we are unconcerned in this character of proceeding. See

California Canneries Co. v. Lush'us Products Co., 49 F.(2d) 1044, 18 C. C. P. A. 1480; Celotex Co. v. Bronston Bros. & Co., 49 F. (2d) 1048, 18 C. C. P. A. 1490; Skookum Packers Association v. Pacific Northwest Canning Co., 45 F.(2d) 912, 18 C. C. P. A. 792.

The decision of the Commissioner of Patents is affirmed.

Affirmed.