### TINKER v. M. F. PATTERSON DENTAL SUPPLY CO.

(Court of Appeals of District of Columbia. Submitted January 12, 1923. Decided March 5, 1923.)

No. 1549.

1. **Trade-marks and trade-names and unfair competition ⬳73(1)—Any one may use name of originator of unpatented article in general use under his name.**

    Where the originator of a gold alloy never patented his formula, and it came into general use under his name, any one may use that name in connection with the article without his permission.

2. **Trade-marks and trade-names and unfair competition ⬳10—Person can prevent registration of name as trade-mark by another.**

    The right of a person to object to the registration by another of his name as a trade-mark is protected by Trade-Mark Act, § 5 (Comp. St. § 9490), and entitles him to a cancellation of the registration of such mark, even though he was not engaged in the manufacture of similar goods himself.

3. **Trade-marks and trade-names and unfair competition ⬳10—Dedication to public use of formula known by originator's name is not dedication of name to trade-mark use.**

    Permission by the originator of an unpatented formula to the public to use his name in connection with the compound made under his formula is not a dedication of his name to trade-mark use, even if his name could be so legally used.

4. **Trade-marks and trade-names and unfair competition ⬳45½, New, vol. 7A Key-No. Series—Proof of damage unnecessary to obtain cancellation of registration.**

    Since the right of an individual to have the registration of his name by another as a trade-mark canceled, is statutory, it is not necessary that he prove actual damages to entitle him to such cancellation.

Appeal from the Commissioner of Patents.

Petition by Edward T. Tinker against the M. F. Patterson Dental Supply Company for the cancellation of a trade-mark. From a decision dismissing the petition, petitioner appeals. Reversed.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

F. A. Whiteley of Minneapolis, Minn., for appellant.

A. C. Paul and M. M. Moore, both of Minneapolis, Minn., and W. G. Henderson, of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Appellant Tinker appeals from the decision of the Commissioner of Patents dismissing his petition for the cancellation of a trade-mark under the provisions of section 13 of the Trade-Mark Act of February 20, 1905 (33 Stat. L. 724 [Comp. St. § 9498]). On April 6, 1920, registration was granted appellee company of the word "INTKER," as a trade-mark used on gold and platinum alloy metal for dental inlays and bridge work.

[1] Petitioner, a practicing dentist, originated a gold alloy, which bears his name and has come into general use by dentists. Dr. Tinker never patented the formula; hence it has long since gone into public use under the accepted name of "Tinker Gold." It follows that any one may use this generic name in connection with this quality of gold alloy without permission of the petitioner. Singer v. June, 163 U. S. 169, 186, 16 Sup. Ct. 1002, 41 L. Ed. 118. The tribunals below proceeded upon the assumption that, inasmuch as Dr. Tinker had not engaged in any business in addition to the practice of his profession, or used his name to indicate the origin of any particular alloy made by him, he is not in position to claim that he has been damaged by the registration of the mark in question.

[2] We think the case turns upon a different point. The mark here registered is the surname of appellant. It is not sufficiently distinguished to disguise the object of its adoption and registration, or to meet the statutory limitation against the registration of the name of an individual or corporation as a trade-mark. Being the name of the person who originated the goods upon which it is so generally used, it is immaterial that Dr. Tinker failed to manufacture and sell goods designated by his name. A man's name is sacred against use by another as a trade-mark. As this court said in Asbestone Co. v. Philip Carey Mfg. Co., 41 App. D. C. 507, 509:

"The statute takes from the realm of possible registration the name of an individual, firm, corporation, or association, except under conditions not existing in this case. This limitation is founded upon sound principles of public policy. 'A man's name is his own property, and he has the same right to its use and enjoyment as he has to that of any other species of property.' Brown Chemical Co. v. Meyer, 139 U. S. 540."

Nor can it be appropriated against others who have acquired the right to use it.

"It is well settled that a personal name cannot be exclusively appropriated by any one as against others having a right to use it, and as the name Remington is an ordinary family surname, it was manifestly incapable of exclusive appropriation as a valid trade-mark, and its registration as such

*could not in itself give it validity."* Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U. S. 118, 134, 25 Sup. Ct. 609, 612 (49 L. Ed. 972).

Whatever right the public may have acquired in the use of the product known as "Tinker Gold" is beside the case, since appellant's right to object to the registration by another of his name as a trade-mark is protected by statute. 33 Stats. L. 726, § 5 (Comp. St. § 9490).

[3] Nor does the public use of the product imply any dedication of appellant's name to trade-mark use, even if such use could legally be made. The designation "Tinker Gold" can be applied only to the formula discovered and published by Dr. Tinker. The name thus applied is merely descriptive of the gold formula. It has never acquired a trade-mark use; hence the use of the name as a trade-mark by registrant company is in direct violation of Dr. Tinker's statutory rights.

[4] Nor is appellant required to establish damage, as the result of the registration, in order to secure cancellation. As we held in the Asbestone case, the right of an individual to have the registration of his name canceled, like the right of opposition, is statutory, and proof of actual damage is not required, it will be presumed.

The decision of the Commissioner of Patents is reversed.