## EVERSHARP PENCIL CO. v. AMERICAN SAFETY RAZOR CORPORATION.

(Court of Appeals of District of Columbia. Submitted March 10, 1924. Decided April 7, 1924.)

No. 1648.

Trade-marks and trade-names and unfair competition ☜43—Opposition of Eversharp Pencil Company to registration of word "Eversharp" as mark for razors sustained.

Opposition of Eversharp Pencil Company, user of word "Eversharp" as mark on its mechanical pencils and leads therefor, to registration of word "Eversharp" by American Safety Razor Corporation as mark for razors and razor blades, must be sustained.

Smyth, Chief Justice, dissenting.

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Commissioner of Patents.

Application for registration of a trade-mark by the American Safety Razor Corporation, opposed by the Eversharp Pencil Company. From a decision in favor of registration, opposer appeals. Reversed.

Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., for appellant.

W. Lee Helms, of New York City, for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This is a trade-mark opposition proceeding, in which the Eversharp Pencil Company, a corporation, opposes registration by the American Safety Razor Corporation of the word "Eversharp," as a trade-mark for razors, razor blades, safety razors, and safety razor blades. In the agreed statement of facts it appears that the appellant company was incorporated in 1916, when it succeeded to the business and good will of Keeran & Co., including the trademark "Eversharp," which mark appellant since has continued to apply to its mechanical pencils and leads therefor. It further appears "that the trade-mark 'Eversharp' constitutes the salient and characteristic feature of the corporate name of opposer."

In the statement accompanying its application for registration, appellee alleged June 20, 1920, as the earliest date of its use of the mark. The Examiner of Interferences sustained the opposition because opposer was incorporated prior to applicant's earliest date. The Assistant Commissioner reversed the decision; the ground of the ruling being that applicant uses the word "Eversharp" in connection with an arrow, as follows:

The presence of this arrow, under the view of the Assistant Commissioner, renders applicant's mark sufficiently distinctive. In other words, he held that the mark is not "merely that of a corporate name." The question for decision, therefore, is whether one of two corporations of different names may adopt as its trade-mark the dominating feature of the corporate name of the other, under any circumstances.

In National Cigar Stands Co. v. Frishmuth Bro. & Co., —— App. Div ——. 297 Fed. 348, at present term, we ruled that the provisions of the Trade-Mark Act (Comp. St. § 9490) that no mark shall be registered which "consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner," do not permit an individual, firm, corporation, or association of another name to affect the good will of an established individual, firm, corporation, or association, built up under his or its name, through adoption of that name as a trademark, that the real purpose of these provisions was to permit an individual, firm, corporation, or association to register his or its name as a trade-mark, provided that the registration be so accomplished as not to prevent a like use of the same name by others similarly entitled.

That ruling is applicable and controlling here. See, also, Asbestone Co. v. Philip Carey Mfg. Co., 41 App. D. C. 507; Mansfield Tire & Rubber Co. v. Ford Motor Co., 44 App. D. C. 205; Beechnut Cereal Co. v. Beech-Nut Packing Co., 273 Fed. 367, 51 App. D. C. 5; Howard Co. v. Baldwin Co. and Howard Co. v. Valley Gem Piano Co., 48 App. D. C. 437; and Tinker v. Patterson Dental Supply Co., 287 Fed. 1014, 53 App. D. C. 37.

The decision, therefore, is reversed, and the opposition sustained. Reversed.

SMYTH, Chief Justice, dissents, upon the ground that applicant's mark does not consist merely in the corporate name of the opposer.