### In re MASON TIRE & RUBBER CO.

(Court of Appeals of District of Columbia. Submitted November 17, 1925. Decided March 1, 1926.)

No. 1784.

1. Trade-marks and trade-names and unfair competition 43—"Fraternal society," within statute refusing registration as trademark of society emblem, is one organized to accomplish worthy object through efforts of members in brotherly union, especially if not operated for profit (Act Jan. 8, 1913, amending Act Feb. 20, 1905, § 5, subd. [b], as amended [Comp. St. § 9490]).

Any society organized to accomplish worthy object through efforts of its members working in brotherly union especially, if not organized for profit, but for benefit of membership or men in general, is "fraternal organization," within Act Jan. 8, 1913, amending Act Feb. 20, 1905, § 5, subd. (b), as amended (Comp. St. § 9490), relating to registration by others of design or picture as emblem of fraternal society.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraternal Association.]

2. Trade-marks and trade-names and unfair competition 43—National Safety Council held a fraternal organization, within statute denying registration to others of fraternal emblem (Act Jan. 8, 1913, amending Act Feb. 20, 1905, § 5, subd. [b], as amended [Comp. St. § 9490]).

National Safety Council successor of National Council for Industrial Safety, is a fraternal organization within Act Jan. 8, 1913, amending Act Feb. 20, 1905, § 5, subd. (b), as amended (Comp. St. § 9490), relating to registration by others of any design or picture adopted as emblem of fraternal society.

3. Trade-marks and trade-names and unfair competition 43—"Safety First" is not "design or picture," within statute prohibiting another's registration of "design or picture" adopted by fraternal society (Act Jan. 8, 1913, amending Act Feb. 20, 1905, § 5, subd. [b], as amended [Comp. St. § 9490]).

"Safety First," motto of National Safety Council, is not a design or picture within Act Jan. 8, 1913, amending Act Feb. 20, 1905, § 5, subd. (b), as amended (Comp. St. § 9490), prohibiting another's registration of any "design or picture" adopted as emblem of fraternal society.

4. Trade-marks and trade-names and unfair competition 43—"Safety First" is mark or motto of organization affiliated with National Safety Council, and not subject to registration by others (Act Jan. 8, 1913, amending Act Feb. 20, 1905, § 5, subd. [b], as amended [Comp. St. § 9490]).

Official motto of National Safety Council "Safety First," though not a design or picture adopted as emblem of fraternal society, is motto and distinguishing mark of corporations or other organization governed by Safety Council, and hence under Act Jan. 8, 1913, amending Act Feb. 20, 1905, § 5, subd. (b), as amended (Comp. St. § 9490), is not subject to registration by others notwithstanding they disclaimed any intent to use except in conjunction with distinctive mark or design.

5. Trade-marks and trade-names and unfair competition 43—Purpose of statute prohibiting others' registration of marks of certain organizations cannot be defeated by permitting use in conjunction with distinctive designs (Act Jan. 8, 1913, amending Act Feb. 20, 1905, § 5, subd. [b], as amended [Comp. St. § 9490]).

Purpose of Act Jan. 8, 1913, amending Act Feb. 20, 1905, § 5, subd. (b), as amended (Comp. St. § 9490), to protect certain organizations in use of distinctive emblems, names, etc., cannot be defeated by permitting their use by others in conjunction with some distinctive design or figure.

Appeal from Commissioner of Patents.

In the matter of the application of the Mason Tire & Rubber Company for registration of trade-mark "Safty First." From a decision of Commissioner of Patents denying registration, applicant appeals. Affirmed.

A. L. Lawrence, of Cleveland, Ohio, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. The Mason Tire & Rubber Company on July 3, 1923, filed in the Patent Office, an application to register the words "Safty First," as a trade-mark for use on such goods as belting, hose, machinery packing, nonmetalic tires, and rubber tire casings. On October 11, 1923, registration of the words "Safty First" was refused on the ground that "Safty First" was in effect an emblem of the National Council for Industrial Safety and therefore unregistrable by the petitioner. On October 15, 1923, the petitioner asked leave to amend his petition by inserting an allegation disclaiming any right to the exclusive use of the words "Safety First," except in association with the mark as displayed on the diagram. On April 14, 1924, registration of the words "Safty First" was definitely and finally refused by the Examiner of Trade-Marks, whereupon an appeal was taken to the Commissioner who affirmed the action of the Examiner. From that decision of the Commissioner this appeal was taken.

The record discloses that among the articles of incorporation and association recorded in the Trade-Mark Division of the Patent Office, are papers which set forth the character of the National Council for Industrial Safety and that with those papers is a letter dated March 23, 1915, and addressed to the Patent Office by the attorneys of the Council. That letter calls the attention of the Patent Office to the fact that the Council's opposition to an application by the Lindsborg Company for registration of the words "Safety First," had been sustained and requests that the Examiner of Trade-Marks be instructed to take judicial notice of the fact that the words "Safety First" are used by the National Council for Industrial Safety as an emblem and are not registrable by subsequent users.

The appellant contends, first, that the National Council of Industrial Safety and its successor, the National Safety Council, is not a fraternal organization, within the judicial interpretation of that term; second, that even if the Council was a fraternal organization the words "Safety First" cannot be regarded as either a design or picture and are therefore not protected as an emblem of a fraternal society; third, that it appears from the record in the Lindsborg Case, that the National Council for Industrial Safety is an *unincorporated* society composed of *persons, corporations, and organizations* carrying on work to improve conditions as to public and private safety; fourth, that therefore the Council cannot be protected in its use of safety first as a distinguishing mark, character, or emblem under that part of section 5 of the Act of Jan. 8, 1913 (Comp. St. § 9490), which reads as follows:

Section 5: "That no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark on account of the nature of such mark unless such mark * * *

"(b) Consists of or comprises * * * *any design or picture that has been or may hereafter be adopted by any fraternal society as its emblem, or of any name, distinguishing mark, character, emblem, colors, flag, or banner adopted by any institution, organization, club, or society which was incorporated in any state in the United States prior to the date of the adoption and use by the applicant*: Provided, That said name, distinguishing mark, character, emblem, colors, flag, or banner was adopted and publicly used by said institution, organization, club, or society prior to the date of adoption and use by the applicant. * * * *"* (Italics not quoted.)

[1, 2] Any society organized for the accomplishment of some worthy object through the efforts of its members working together in brotherly union, especially if it be organized not for selfish gain, but for the benefit of the membership or for the benefit of the membership and men in general, is a fraternal organization in the popular acceptation of the term. See Fraternal Society, Standard Dictionary, and Webster's New Dictionary. The case of National Union v. Marlow, 74 F. 775–778, 21 C. C. A. 89, cited by appellant in support of his contention that the National Council of Industrial Safety is not a fraternal organization far from being in conflict, is quite in accord with the definition just cited.

[3] We do not think, however, that the motto "Safety First" is a design or picture and we must therefore hold that it does not come within that part of paragraph (b) of the Act of January 8, 1913, which excludes from

registration "any design or picture that has been or may hereafter be adopted by any fraternal society as its emblem."

[4] The words "Safety First" are however the official motto and distinguishing mark of the National Council of Safety. The Council is not incorporated, but it is apparent that it was as early as March 23, 1915, and is now, at least the representative and managing agency if not the governing head of *incorporations* and organizations carrying on work to improve conditions as to public and private safety. The appropriation of the words "Safety First" by the National Council of Industrial Safety was consequently not an appropriation for the Council solely, but for all the elements which the Council represented or of which the Council was composed: It is not disputed that the Council is in part composed of corporations working to improve conditions as to public and private safety. The phrase "Safety First" must therefore be considered as the motto and distinguishing mark, not only of the Council, but of all corporations and all other organizations banded together in the interest of public and private safety under the leadership of the Council. As the use of the words "Safety First" by the Council representing such organizations was certainly prior to the 23d of March, 1915, and long prior to the use by the appellant of the words "Safty First," which use did not begin until June 27, 1923, we think that the mark sought to be registered is within the prohibition of that part of paragraph (b), section 5, which protects the distinguishing marks and emblems of corporations.

[5] The dominating feature of the trademark applied for is "Safty First," and the filing of a disclaimer of any intention or right to use the words "Safety First," except in association, with the mark as shown, avails the appellant nothing. The purpose of the statute was to protect certain organizations in their use of distinctive emblems, names and characters and that purpose cannot be defeated by permitting their use in conjunction with some distinctive figure or design. McIllhenny's Son v. Trappey, 278 F. 582, 51 App. D. C. 273, 275; Eversharp Pencil Co. v. American Safety Razor Co., 297 F. 894, 54 App. D. C. 315, 316.

We are of the opinion that registration of the words "Safety First" was properly refused by the Patent Office and the decision of the Commissioner is therefore affirmed.