## In re NISLEY SHOE CO.
### Patent Appeal No. 2921.

Court of Customs and Patent Appeals.
May 23, 1932.

H. A. Toulmin and H. A. Toulmin, Jr., both of Dayton, Ohio (Rowan A. Greer, of Dayton, Ohio, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents, affirming a decision of the Examiner of Trade-Marks, rejecting the application of appellant for the registration of the name "Nisley's" under the Trade-Mark Act of February 20, 1905 (15 USCA §§ 81–109), as a trade-mark for shoes and hosiery.

It appears from the record that one C. R. Nisley is the president of appellant company.

The registration was refused upon the ground that the mark sought to be registered is a surname, not "written, printed, impressed, or woven in some particular or distinctive manner," and that therefore its registration is prohibited by section 5 of said act (15 USCA § 85).

With respect to the arrangement of the letters forming the word "Nisley's" shown in the specimen accompanying the application, the Examiner in his statement said: "The name is written in distorted block type such as may be found in many signs and advertisements." This appears to be a correct statement.

The parts of said section 5 pertinent to the issue here involved read as follows: "* * * Provided, That no mark which consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual, or merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term, shall be registered under the terms of this subdivision of this chapter: * * * Provided fur-

ther, That nothing herein shall prevent the registration of a trade-mark otherwise registrable because of its being the name of the applicant or a portion thereof. * * * "

Appellant urges four reasons why the decision of the Commissioner should be reversed: (1) That the mark is an uncommon and rare name; (2) that the mark is not merely a surname but has other meanings; (3) that the mark is printed in a particular or distinctive manner; and (4) that the mark is entitled to registration under that proviso of said section 5 last hereinbefore quoted.

■ With respect to the first contention of appellant, the statute makes no exception in the case of uncommon or rare names. The word sought to be registered is conceded to be the surname of the president of appellant company. Furthermore, we would observe that the Examiner found that the name "Nisley" appeared in the directories of many cities. Therefore this contention is without merit.

■ As to the second contention of appellant, we find the word "Nisley" in no dictionary, and, although appellant attempts to dissect it to show that the word, so dissected, may compose words having different meanings, it is obvious that, as herein used, it is merely a surname, and its use as a trade-mark is intended to bring to the attention of buyers of shoes and hosiery the name of appellant's president. Under the facts of this case, even if the word "Nisley's" did have another meaning than that of signifying the name of appellant's president, it would be immaterial.

■ With reference to appellant's third contention, we cannot hold that the word "Nisley's," as used by appellant, is written or displayed in a particular or distinctive manner within the meaning of said section 5. The Examiner of Trade-Marks in his decision, as heretofore noted, stated that the distorted block type used by appellant was such as may be found in many signs and advertisements. He further stated that "it is not believed that the public would see in it anything unique or distinctive." We agree with this conclusion of the Examiner, which was affirmed by the Commissioner. We may take judicial notice of the fact that it is not uncommon in signs and advertisements to use type of the character employed by appellant in the formation of the word "Nisley's." We are of the opinion that the proper construction of the words "particular or distinctive manner" in the proviso of section 5 referred to is that the word or words constituting the mark shall be written, printed, impressed, or woven

in such a manner as to form a distinct impression upon the eye of the observer, to the extent that he will remember such particular or distinctive form and rely upon it, in part at least, in ascribing origin of the goods to which the mark is applied.

■ We come now to appellant's fourth contention, that the proviso of said section 5 last hereinbefore quoted warrants the registration of the mark applied for by appellant. It is appellant's contention that the word "Nisley's" is a valid common-law trade-mark, and is therefore "otherwise registrable" within the meaning of those words as used in said proviso. Whether the word "Nisley's" is a valid common-law trade-mark we need not determine; we are concerned only with the interpretation of the statute, and, if the registration of said word is forbidden by the statute, the decision of the Commissioner must be affirmed.

■ We are frank to say that, upon its face, there seems to be some conflict in said section 5 between the two provisos hereinbefore quoted. It is clear that the first proviso includes the names of applicants within the words "individual, firm, corporation, or association," therein used. If the words "otherwise registrable" in the last quoted proviso are construed to contemplate that in all cases the name of an applicant or part thereof must conform to the requirements of the proviso first hereinbefore quoted, then the last quoted proviso means nothing. On the other hand, if said words are construed to mean that the mark of an applicant is registrable without reference to the preceding provisions of said section 5, then the first quoted proviso means nothing in so far as it relates to the name of an applicant. It therefore seems clear that there is such ambiguity in the section as to necessitate construction for the purpose of arriving at the intent of Congress, and for that purpose we may resort to the legislative history of the provisos here in question.

It appears that in the Act of February 20, 1905, so far as said section 5 is here concerned, the section was enacted in its present form with the exception of the proviso last hereinbefore quoted, which was not contained therein. In 1910 the Court of Appeals of the District of Columbia, in the case of In re The Success Company, 34 App. D. C. 443, construed the proviso first hereinbefore quoted, and held that the word "success," when not written, printed, impressed, or woven in some particular manner, was not registrable by a company, the corporate name of which was "The Success Company," even

though the word was the subject of a technical trade-mark. In 1911 Congress amended said section 5 by adding thereto the proviso last hereinbefore quoted. 36 Stat. 918. Said amendment was embodied in H. R. 24749, 61st Congress, 2d Session, and the report of the committee reporting the bill to the House contains the following: "The court of appeals of the District of Columbia has held that said section 5, as the same now stands, has the effect 'to prevent the registration *by a corporation* of its own name, whether that name be the subject of a technical trade-mark or not.' The decision applies to a trade-mark that forms the name, or a part of the name, of the applicant." (Italics ours.)

It is apparent that reference was made in said report to the case of In re The Success Company, supra.

When the bill came before the House of Representatives for consideration, the construction of the proviso contained in it was the subject of considerable debate between the Chairman of the Committee on Patents, Representative Currier, and Representative Mann. This debate appears in volume 45, part 7, p. 7486, of the Congressional Record. We quote a portion of said debate:

"Mr. Mann. Mr. Speaker, reserving the right to object, I would ask the gentleman in charge of this bill a question. The bill provides in the last proviso:

" 'That nothing herein shall prevent the registration of a trade-mark otherwise registrable because of its being the name of the applicant or a portion thereof.'

"Then the first proviso is:

" 'That no mark which consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner or in association with a portrait of the individual, etc., shall be registered under the terms of this act.'

"There is an absolute conflict between the two provisions, and nobody can reconcile the two provisions. In one place they say distinctly in the bill that a name can not be registered as a trade-mark, and in another place they say—

" 'Nothing herein shall prevent the registration of a trade-mark otherwise registrable because of its being the name of the applicant or a portion thereof.'

"I am not in favor of enacting legislation which on its face contains two provisions absolutely contradictory to each other.

"Mr. Currier. *May I state to the gentleman there is no purpose here really of broadening the first provision.* This is existing law—

"Mr. Mann. I understand.

"Mr. Currier. *It is intending to prevent, and does prevent the registering of a man's name as a trade-mark.*

"Mr. Mann. That is what it says.

"Mr. Currier. *We do not intend to allow them to do that,* but the court has given this construction to it. Here is a mark, a perfectly proper technical trade-mark, like 'Kodak' or 'Acme.' If that happens to be a part of the name of a corporation, the courts have held it can not be registered under this provision of the bill. Now, it simply leads to this curious result: A company by first registering the mark and adopting the name afterwards have a trade-mark that can not be questioned. A company can change its name so as to remove that particular word from its corporate name and then register the trade-mark and then readopt the name. We do not think they should be compelled to resort to that sort of evasion, and there is no purpose here of allowing anyone to register anything which the courts do not hold is a technical mark, *like 'Kodak,' or things of that kind.* For instance, the word 'Kodak' is part of the name of a corporation, the Eastman Kodak Company, and that occurs in many other cases.

"It occurred in the case of the Success Magazine, which was refused registration as a trade-mark because the word 'Success' was a part of the corporate name. But they could abandon that name and register and immediately adopt the name again, and evade the law. We do not think they should be compelled to resort to an evasion of that kind, and we do not intend that anything shall be registered as a trade-mark which the court will not hold is a good technical mark." (Italics ours.)

From the foregoing legislative history, it is clear to us that, in the enactment of that proviso of said section 5 last hereinbefore quoted, Congress did not intend that said provision should apply to a surname used as a trade-mark, but that, as to all surnames, the proviso of the section first quoted should be applicable.

While a surname used as a trade-mark may be valid against all the world except those bearing the same name, who have an equal right to use such name, it is not a trade-mark in the sense that any person may acquire the *exclusive* right to use it as a trade-

mark. In the case of Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U. S. 118, 25 S. Ct. 609, 612, 49 L. Ed. 972, the court in its opinion said: "But it is well settled that a personal name cannot be exclusively appropriated by any one as against others having a right to use it; and as the name 'Remington' is an ordinary family surname, it was manifestly incapable of exclusive appropriation as a valid trademark, and its registration as such could not in itself give it validity. * * * "

It is our opinion that Congress, in the enactment of the amendment referred to, intended to eliminate from the first proviso of said section 5 hereinbefore quoted such names of applicants or parts thereof as could be *exclusively* appropriated at common law as valid trade-marks, which names no other person could have a right to use upon goods of the same descriptive properties, and therefore the proviso last hereinbefore quoted did not include a personal name such as "Nisley's" here involved. We therefore hold that registration of the name "Nisley's," as applied for, is prohibited by said section 5 because not "written, printed, impressed, or woven in some particular or distinctive manner."

For the reasons stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.