## AMERICAN TOBACCO CO. v. WIX.
### Patent Appeal No. 3070.

Court of Customs and Patent Appeals.

Jan. 23, 1933.

Edward S. Rogers and Allen M. Reed, both of Chicago, Ill., and Francis L. Browne and Thomas L. Mead, Jr., both of Washington, D. C. (Junius Parker, of New York City, of counsel), for appellant.

James T. Newton, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in a trade-mark opposition proceeding in which the Commissioner of Patents sustained the opposition of appellee and rejected appellant's application for the registration, under the Trade-Mark Act of February 20, 1905 (15 USCA § 81 et seq.), of the notation "Wix" as a trademark for cigarettes, thus overruling the decision of the Examiner of Interferences which dismissed the opposition and granted appellant's application for the registration of said mark.

The mark "Wix" applied for by appellant is in the following form:

Wix

The commissioner refused registration of the mark upon the ground that it is a surname not "written, printed, impressed or woven in some particular or distinctive manner."

The parts of said section 5 of the act (15 USCA § 85) pertinent to the issue here involved read as follows:

"Sec. 5. That no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark on account of the nature of such mark unless such mark—* * *

"Provided, That no mark which consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual, or merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term, shall be registered under the terms of this subdivision of this chapter. * * *"

It appears from the record that appellee is a tobacco manufacturer in England and has been engaged in that business for twenty years; that from 1910 to 1922 he was a member of the firm of J. Wix & Sons, engaged in the tobacco business; that the said J. Wix was the father of appellee; that from 1922 to 1927 appellee was managing director of a corporation, J. Wix & Sons, Limited, the successor of the firm of J. Wix & Sons, and from 1927 to 1928 he was a stockholder and ordinary director of said corporation; that in 1927 appellant acquired 80 per cent. of the stock of said corporation, J. Wix & Sons, Limited, appellee and his brother holding the other twenty per cent.; that in November, 1928, appellant acquired the said remaining twenty per cent. of the shares of stock, when appellee severed his connection with the said Wix corporation; that since that time appellee has been identified with companies engaged in the manufacture of tobacco products, including cigarettes. Some of these cigarettes have been sold in the United States, and tobacco for the use of companies with which appellee is identified has been

purchased in North Carolina and shipped to England, where these companies are located.

It does not appear that the name "Wix," or Abraham Wix, the name of appellee, has been employed as a trade-name by any of the companies with which appellee has been identified since he severed his connection with J. Wix & Sons, Limited.

The commissioner in his decision said: "The record fails to show the notation "Wix" has any other significance than that of a surname. It is obviously not written, printed, impressed, or woven in some particular or distinctive manner, as required by the trade-mark statute. * * * "

We are in accord with the foregoing statement. In the case of In re Nisley Shoe Co., 58 F.(2d) 426, 19 C. C. P. A. 1211, we held that the mark there involved was not written, printed, impressed, or woven in some particular or distinctive manner. The form of the mark here in issue is no more distinctive than was the form of the mark in the case last above cited.

Appellant's chief contention is stated in the brief of its counsel as follows: "(1) *The word Wix is registrable.* The statute does not forbid the registration of surnames but only marks which 'consist merely in the name of an individual * * * not written * * * in some particular or distinctive manner' (Sec. 5). The word Wix is not merely the name of any individual and, as applied for, is written in 'some' peculiar or distinctive manner. The words 'merely' and 'some' must be given a meaning. Merely means only, and some is a synonym for any. The word Wix as applied for, manifestly is not 'only the name of an individual' because the record does not show that there is any individual whose name is only Wix, and certainly it cannot be said that the manner of writing it shown in the drawing has not any peculiarity. The mark applied for is therefore registrable." (Italics quoted.)

With respect to this contention, we would first observe that it is well established that a mark consisting of an ordinary surname is not the subject of exclusive appropriation as a common law trade-name. Thaddeus Davids Co. v. Davids, 233 U. S. 461, 34 S. Ct. 648, 58 L. Ed. 1046; Brown Chemical Co. v. Meyer, 139 U. S. 540, 11 S. Ct. 625, 35 L. Ed. 247; Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U. S. 118, 25 S. Ct. 609, 612, 49 L. Ed. 972.

In the case of In re Plymouth Motor Corporation, 46 F.(2d) 211, 212, 18 C. C. P. A.

838, this court, speaking through Judge Garrett, said:

"It is elemental legal doctrine that the Federal Trade-Mark Registration Act (15 USCA §§ 81–109) subtracts nothing from, and makes no addition to, the common-law rights relating to trade-mark ownership and use, except as it furnishes an official forum where owners of marks may have them registered and made public, the machinery for such registration being provided. The act also contains provisions which affect the remedies of an owner in enforcing his or its rights, but, in so far as actual ownership of, or rights in, a mark are concerned, these are determined wholly by common-law principles.

"In order to register, the claimant must be the 'owner' of the mark offered. The weight of authority is to the effect that the statute makes no effort to set up a right of ownership, or use, which the common law does not or may not recognize."

To a like effect is the case of In re Bonide Chemical Co., 46 F.(2d) 705, 18 C. C. P. A. 909, and cases therein cited upon this point.

Appellant contends that the prohibition in the proviso of said section 5 hereinbefore quoted is not applicable to the mark here in question because, it is contended, the name "Wix" is not the name of an individual, firm, corporation, or association, but is a surname only, and that surnames are not within the prohibition of the proviso.

Even were this contention well founded, in order to entitle appellant to register the mark, it must be the owner of the mark under the first provision of said section 5, hereinbefore quoted, and under the cases hereinbefore cited it appears that a surname cannot be the subject of exclusive ownership as a trade-mark. However, it is not necessary to place our decision upon this ground for we are of the opinion that registration of appellant's mark here involved is prohibited by the proviso of said section 5, hereinbefore quoted.

The name "Wix" is the surname of the founders of appellant's English company, engaged in the tobacco business. Appellee is one of those founders, bearing the same surname. Appellant's counsel has presented a very interesting history of the origin of surnames, and contends that "the word 'surname' is not the same, as the phrase 'name of an individual,' either in language or historical fact. The name of an individual is his baptismal name plus his surname, and in using the phrase 'name of an individual'

in the Trade-Mark Act it is presumed that Congress meant what it said and used words precisely."

In other words, as we understand him, appellant's counsel contends that by the proviso hereinbefore quoted, either the baptismal name or the surname of an individual may be registered as a trade-mark, and it is only the combination of the two names that is prohibited.

In this contention we cannot concur. While not questioning the origin of surnames as set forth by counsel for appellant, we think that in modern times the significant portion of the name of an individual is the surname, and that baptismal names serve only as a means of distinguishing between persons bearing the same surname, thus reversing the original significance of surnames as set forth by counsel. It would appear that, centuries ago, the surname was adopted for the purpose of distinguishing persons bearing the same baptismal name.

Long before the enactment of the Trade-Mark Act of February 20, 1905, there had been much litigation over trade-names, and very often such names constituted merely the surname of an individual. As illustrations of this statement, see Brown Chemical Co. v. Meyer, supra; Howe Scale Co. v. Wyckoff, Seamans & Benedict, supra, and cases cited therein.

In the case of Howe Scale Co. v. Wyckoff, Seamans & Benedict, supra, the surname "Remington" was involved. In its opinion the court said: "But it is well settled that a personal name cannot be exclusively appropriated by any one as against others having a right to use it; and as the name 'Remington' is an ordinary family surname, it was manifestly incapable of exclusive appropriation as a valid trademark, *and its registration as such could not in itself give it validity.*" (Italics ours.)

Prior to the enactment of said Trade-Mark Act of February 20, 1905, the Commissioner of Patents had held that the surname "Engelhard" was not registrable to an applicant because it was the surname of the applicant. Ex parte Engelhard, 109 O. G. 1886, C. D. 1904, 122. This registration was sought under the act providing for the registration of trade-marks, approved March 3, 1881 (section 3 [21 Stat. 503]), which act provided that "no alleged trade-mark shall be registered * * * which is merely the name of the applicant."

It is therefore our opinion that Congress intended, in the enactment of said proviso of said Trade-Mark Act of February 20, 1905, to include within its prohibition mere surnames.

Furthermore, the decisions construing said Trade-Mark Act of February 20, 1905, have been uniform to the effect that a surname is within the prohibition of the proviso of said section 5 hereinbefore quoted. Thaddeus Davids Co. v. Davids, supra; In re Nisley Shoe Co., supra; Oliver Chilled Plow Works v. Wm. J. Oliver Manufacturing Company, 40 App. D. C. 125; Tinker v. Patterson Dental Supply Co., 53 App. D. C. 37, 287 F. 1014; Howard Co. v. Baldwin Co., 48 App. D. C. 437.

In view of all the foregoing, we hold that a surname is included within the prohibition of the proviso of said section 5 hereinbefore quoted unless "written, printed, impressed, or woven in some particular or distinctive manner," and that the registration here applied for is prohibited by said proviso.

While we might have rested our conclusion as to this point upon our decision in the case of In re Nisley Shoe Co., supra, in which we held that a surname was not registrable, we have considered the question anew for the reason that appellant's counsel has raised for the first time, so far as we are able to learn, the question of whether a surname, without including the baptismal name, is within the prohibition of said proviso.

The next contention of appellant is that appellee will not be damaged by the registration of the mark applied for by appellant, and that there is nothing in the record from which any damage to him can be inferred.

We find it unnecessary to pass upon this question, for we have repeatedly held that in a trade-mark opposition proceeding the Patent Office tribunals may dispose of any question relating to the proposed registration that might properly arise in an ex parte case. California Cyanide Co. v. American Cyanamid Co., 40 F.(2d) 1003, 17 C. C. P. A. 1198; California Canneries Co. v. Lush'us Products Co., 49 F.(2d) 1044, 18 C. C. P. A. 1480, and cases therein cited.

Therefore, appellant's application must, for the reasons herein stated, be denied, irrespective of whether the opposition of appellee should have been sustained or dismissed. The only object of the opposition was to defeat registration of appellant's mark, and inasmuch as we hold that the commissioner did not err in rejecting appellant's application, it is immaterial, so far as this appeal is concerned, whether he committed

error in sustaining the opposition of appellee. If he did so err, it would not be ground for reversal of his decision rejecting appellant's application.

We do not wish to be understood in this opinion as holding that under no circumstances is a surname registrable. Many names have a significance other than as names, and are not regarded by the public as merely names. It is unnecessary for us here to determine whether in such cases a name is subject to the proviso hereinbefore quoted; upon the record before us, the name "Wix" has no other significance than as the name of an individual connected with the tobacco business.

The decision of the Commissioner of Patents adjudging that appellant is not entitled to the registration for which it has applied is affirmed.

Affirmed.