31 C.C.P.A. (Patents)

## In re SAWYER ELECTRICAL MFG. CO.

### Patent Appeals No. 4916.

Court of Customs and Patent Appeals.
June 26, 1944.

Rehearing Denied Oct. 2, 1944.

Elwin A. Andrus, of Milwaukee, Wis. (Merl E. Sceales, of Madison, Wis., and Lee B. Kemon, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

Appellant appealed from a decision of the Commissioner of Patents, 57 U.S.P.Q. 148, affirming that of the Examiner of Trade-Marks in refusing to register the word "Sawyer" in block capital letters as a trademark for electric motors.

The examiner held the mark to be the name of an individual not distinctively displayed and therefore forbidden by that part of the Trade-Mark Act of 1905, as amended, reading as follows: "Sec. 5. * * * Provided, That no mark which consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual, * * * shall be registered under the terms of this Act: * * *." 15 U.S.C.A. § 85.

The Commissioner of Patents affirmed the decision of the examiner for the same reason, and stated that a review of the cases of Schlesinger v. Oppenheim Cigar Co., 5 Cir., 11 F.2d 773; Tinker v. M. F. Patterson Dental Supply Co., 53 App.D.C. 37, 287 F. 1014; American Tobacco Co. v. Wix, 62 F.2d 835, 20 C.C.P.A., Patents, 835; In re Canada Dry Ginger Ale, Inc., 86 F. 2d 830, 24 C.C.P.A., Patents, 804; Barber-Colman Co. v. Overhead Door Corporation, 65 F.2d 147, 20 C.C.P.A., Patents, 1118; and In re American Cyanamid & Chemical Corporation, 99 F.2d 964, 26 C.C.P.A., Patents, 712, strengthened his conviction "that no words should be registered, except under the conditions prescribed by the statute, if it is likely to be regarded by the public as merely the name of an individual, even though it may have one or more other meanings. That the word 'Sawyer' is likely to be so regarded I think there can be no doubt."

The question involved here is whether the contention of appellant is correct that the prohibition of the statute applies to a word that is only the name of an individ-

ual, but when it has other meanings it is error to refuse its registration.

■ It has long been settled that every person has a right to do business under his own name as a trade-mark even though such right might be restricted so as not to confuse the goods of his business with those of another of the same name who had long been in the same business.

■ The Trade-Mark Registration Act adds nothing to or takes nothing from the common law rights relating to trade-mark ownership and use. It merely provides that owners of such marks may have them registered and made public, and for remedies in the enforcement of such rights. This doctrine is so elementary that no citation of authorities is deemed necessary.

■ It is further well-established that a mark consisting of an ordinary surname is not the subject of exclusive appropriation as a common law trade-mark. American Tobacco Co. v. Wix, supra; Thaddeus Davids Co. v. Davids Mfg. Co., 233 U.S. 461, 34 S.Ct. 648, 58 L.Ed. 1046; Brown Chemical Co. v. Meyer, 139 U.S. 540, 11 S.Ct. 625, 35 L.Ed. 247; Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U.S. 118, 25 S.Ct. 609, 49 L.Ed. 972.

■ Appellant has set out at great length the various meanings that properly may be attached to the word sought to be registered. The same might be done in respect of a very large number of surnames. Appellant contends in effect that if the name of an individual may be the name of other things, it is not "merely" the individual's name and therefore is registrable. We cannot agree with that conclusion. The word "merely" is an adverb modifying the verb "consists." The dictionary definition of "consists" when followed by the word "in" is "To have as its foundation, substance, or nature; be:". Therefore any of its synonyms may be substituted in the statute for the word "consists." Applying that reasoning the stat-

ute must be read to mean that any mark which has as its foundation, substance or nature or is merely the name of an individual may not be registered.

"Merely" is defined as "Without including anything else; purely; only; solely." A mark which has as its foundation only the name of an individual may not be registered under the statute unless it be "written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual, * * *."

Appellant has called our attention to dicta in the decision of this court in American Tobacco Co. case, supra [62 F.2d 838, 20 C.C.P.A., Patents, 835], in which it was stated that "We do not wish to be understood in this opinion as holding that under no circumstances is a surname registrable. Many names have a significance other than as names, and are not regarded by the public as merely names." It was further stated that it was not necessary there to determine in such cases whether a name is subject to the involved proviso.

■ It is not to be inferred from the opinion in that case that all surnames which are also nouns, adjectives or adverbs in other connections are registrable. It is clear from the decision in the Thaddeus Davids Co. case, supra, that ordinary surnames are not the subject of exclusive appropriation. The mark here sought to be registered is an ordinary surname regardless of how it is used, it is not "written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual," and therefore may not be registered. See also American Tobacco Co., the Brown Chemical Co., and the Howe Scale Co. cases, all supra.

The decision of the Commissioner of Patents is affirmed.

Affirmed.